# AMENDED COMPLAINT

**(for non-prisoner filers without lawyers)**

U.S. District Court
Wisconsin Eastern
SEP 24 2026
FILED
Clerk of Court

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

(Full name of plaintiff(s))

KENYA L. HALL

v.

Case Number:

26-CV-1744

(to be supplied by Clerk of Court)

(Full name of defendant(s))

JPMORGAN CHASE BANK, N.A

---

A. PARTIES

1. Plaintiff is a citizen of Wisconsin (State) and resides at

W3568 State Highway 156 Pulaski,WI 54162
(Address)

(If more than one plaintiff is filing, use another piece of paper.)

2. Defendant JPMorgan Chase Bank, N.A
(Name)

is (if a person or private corporation) a citizen of Wisconsin/sued in its business and corporate capacity
(State, if known)

and (if a person) resides at Corporate Office Dearborn St., Chicago,IL 60603
(Address, if known)

and (if the defendant harmed you while doing the defendant's job)

worked for JPMorgan Chase Bank, N.A
(Employer's name and address, if known)

(If you need to list more defendants, use another piece of paper.)

B. STATEMENT OF CLAIM

On the space provided on the following pages, tell:

1. Who violated your rights;
2. What each defendant did;
3. When they did it;
4. Where it happened; and
5. Why they did it, if you know.

SEE ATTACHED COMPLAINT

C. JURISDICTION

[x] I am suing for a violation of federal law under 28 U.S.C. § 1331.

OR

[ ] I am suing under state law. The state citizenship of the plaintiff(s) is (are) different from the state citizenship of every defendant, and the amount of money at stake in this case (not counting interest and costs) is $ ________________.

D. RELIEF WANTED

Describe what you want the Court to do if you win your lawsuit. Examples may include an award of money or an order telling defendants to do something or to stop doing something.

SEE ATTACHED COMPLAINT

E. JURY DEMAND

I want a jury to hear my case.

☐ – YES ☒ – NO

I declare under penalty of perjury that the foregoing is true and correct.

Complaint signed this 10 day of September 2026.

Respectfully Submitted,

Kenya L Hall

Signature of Plaintiff

920-534-1283

Plaintiff's Telephone Number

hkarmen598@gmail.com

Plaintiff's Email Address

W3568 State Highway 156

Pulaski,WI 54162-8374

(Mailing Address of Plaintiff)

(If more than one plaintiff, use another piece of paper.)

KENYA L. HALL

W3568 State Highway 156

Pulaski, WI 54162

920-534-1283

hkarmen598@gmail.com

Plaintiff, Pro Se

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**
**GREEN BAY DIVISION**

| | |
|---|---|
| Plaintiff<br>KENYA HALL<br><br>vs.<br><br>Defendant<br>JP MORGAN CHASE BANK , N.A | Case No. |

COMES NOW Plaintiff Kenya L. Hall, appearing pro se, and brings this civil action against Defendant JPMorgan Chase Bank, N.A. ("Chase" or N.A "Defendant") for the unlawful retention, mishandling, and exposure of her most private and confidential financial information, including her Social Security number, in direct violation of federal and state privacy law. Defendant is sued in both its Corporate and business capacity. Plaintiff states and alleges as follows:

This case concerns a nationwide financial institution that kept a former customer's Social Security number, financial history, and personal identifying information in its systems for more than seven years and left her account open without notice, without authorization, and without any disclosed retention policy. When Plaintiff discovered this and called to demand answers, she was passed through four separate Chase representatives, each of whom either withheld information Chase was legally obligated to disclose, demanded her Social Security number as a precondition of service, or, in the case of one representative, made an affirmatively false statement to induce her to disclose it. Chase's own automated telephone system is engineered to deny customers access to a live representative unless they first surrender a Social Security number, Tax Identification number, or account credentials. This is not an isolated customer service failure. It is a pattern, repeated independently by every representative Plaintiff encountered, and it reflects the way Chase's systems and personnel are trained to operate as a matter of course. Plaintiff brings this action to hold Chase accountable under the federal and state statutes enacted precisely to prevent this conduct, and to recover the damages that conduct has caused.

## JURISDICTION AND VENUE

1. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, as Plaintiff's claims arise under federal privacy law, including the Gramm-Leach-Bliley Act, 15 U.S.C. §§ 6801-6827; the Right to Financial Privacy Act, 12 U.S.C. §§ 3401-3422; the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.; the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2523; and the Federal Trade Commission Act, 15 U.S.C. § 45.

2. This Court has supplemental jurisdiction over Plaintiff's state law claims

pursuant to 28 U.S.C. § 1367, as those claims are so related to the federal claims that they form part of the same case or controversy.

3. Venue is proper in the Eastern District of Wisconsin, Green Bay Division, pursuant to 28 U.S.C. § 1391(b)(1) because Plaintiff resides in Shawano County, Wisconsin, which falls within the jurisdiction of the Green Bay Division of this Court. Venue is further proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this Complaint occurred in the State of Wisconsin, including Plaintiff's phone calls with Chase personnel, the unauthorized retention of Plaintiff's personal data, and the mailing of private and confidential financial documents to Plaintiff's home address without proper verification.

4. This Court has personal jurisdiction over Defendant because Chase conducts substantial and continuous business operations throughout the State of Wisconsin, maintains branch locations within the Eastern District of Wisconsin, and directed communications and actions toward Plaintiff, a Wisconsin resident, in connection with the facts alleged herein.

## PARTIES

5. Plaintiff Kenya L. Hall is a disabled individual residing at W3568 State Highway 156, Pulaski, Wisconsin 54162, in Shawano County. Plaintiff lives with multiple physical conditions and disabilities. Plaintiff is not represented by an attorney and appears before this Court Pro Se.

6. Defendant JPMorgan Chase Bank, N.A. is a national banking association with its Corporate Office place of business at Chase Tower located 10 S.Dearborn St., Chicago,IL60603. Chase is one of the largest financial institutions in the United States and

maintains branch offices, data systems, and customer service operations reaching consumers across the State of Wisconsin.

7. This is a privacy rights case. Chase violated multiple, independent layers of federal and state law designed for exactly the conduct alleged here: the unauthorized retention of a former customer's Social Security number and financial data for more than seven years; the operation of a telephone system that coerces disclosure of that data as a condition of receiving service; the use of an affirmatively false statement to extract a Social Security number under a promise of erasure; and the unverified mailing of private and confidential financial records to a consumer's home. The statutes and regulations implicated include, without limitation: the Gramm-Leach-Bliley Act, 15 U.S.C. §§ 6801-6827, and its implementing privacy regulation, 12 C.F.R. Part 1016 (Regulation P); the Right to Financial Privacy Act, 12 U.S.C. §§ 3401-3422; the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.; the Electronic Communications Privacy Act and Stored Communications Act, 18 U.S.C. §§ 2510-2523 and 18 U.S.C. § 2701 et seq.; Section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45; Wisconsin's Social Security Number Protection Law, Wis. Stat. § 134.97; Wisconsin's Invasion of Privacy statute, Wis. Stat. § 995.50; and , Wis. Stat. § 134.98. Each of these laws exists to prevent a financial institution from treating a consumer's Social Security number, financial history, and home address as assets to be stored, leveraged, and disclosed at will. Chase's conduct, detailed below, violated each of them.

8. Plaintiff has not maintained an active Chase Bank account for more than seven years prior to the events described herein. During that extended period, Plaintiff received no notice from Chase that it was retaining her personal information, financial data, Social Security number, or account details in its internal systems containing open accounts.

**STATEMENT OF CLAIM:**

9. On or about March 3, 2026, Plaintiff attempted to open a new Chase Bank account online. Instead of being permitted to proceed, Chase's online system displayed a message indicating that Plaintiff was still in Chase's system as an existing customer.

10. This was the first indication Plaintiff had that Chase had retained her personal information with open accounts ,including withholding her Social Security number in their internal system,with accounts open containing her financial history, and personal identifying information, without her knowledge or consent, for a period exceeding seven years.

11. Plaintiff was alarmed by this discovery. She had not authorized Chase to retain her personal data indefinitely and immediately contacted Chase's customer service line to demand an explanation and request that her information be removed from their systems.

12. Plaintiff was connected to a Chase specialist identified as "Nikki." Nikki acknowledged that Chase keeps people in its system for "a long time." When Plaintiff asked how long, Nikki declined to answer and stated she did not know Chase's policy on data retention. Nikki directed Plaintiff to call Chase's general customer service number.

13. Nikki's admission that Chase retains consumer data for an extended and indefinite period, coupled with her inability to specify the duration of that retention or produce any governing privacy policy, is itself a failure to comply with the notice and disclosure requirements of the Gramm-Leach-Bliley Act and its implementing regulations.

14. Plaintiff called the customer service number Nikki provided. Before connecting Plaintiff to a live representative, Chase's automated interactive voice response ("IVR") system demanded that Plaintiff provide one of the following: her nine-digit Social Security number, her Tax Identification number, or her account or debit card information. The IVR repeatedly stated it could not transfer Plaintiff to a live specialist without first receiving this sensitive identifying information.

15. Plaintiff did not wish to provide her Social Security number or other sensitive information to an automated phone system, particularly given that she was calling to object to Chase's unauthorized retention of her data in the first place. She deliberately pressed random buttons in an attempt to bypass the automated system and was repeatedly met with the same demand.

16. Eventually, through persistent effort and refusal to comply, Plaintiff was able to reach a live specialist.

17. Chase's IVR system, as described, is designed and operates in a manner that coerces consumers into surrendering their most sensitive personal and financial information, including their Social Security numbers, before they can even speak with a human being. For a consumer unaware that buttons can be pressed to bypass the system, the design functionally forces disclosure of a Social Security number as the price of admission to customer service. This is not an

incidental design flaw; it is the system operating exactly as built, and it constitutes an unfair and deceptive trade practice under federal and state consumer protection law.

18. Plaintiff was connected to a Chase specialist identified as "Jared." Jared also asked Plaintiff for her Social Security number. Plaintiff refused to provide it.

19. Plaintiff asked Jared multiple direct questions, including: (a) why her personal information was still stored in Chase's system after more than seven years; (b) whether any accounts had been opened in her name without her knowledge; (c) how Chase had updated her contact information without her permission; (d) how Chase had mailed bank statements to her address containing transactions she did not recognize; and (e)Why Chase did not properly use identification measures to identify who she was before sending private and confidential documents containing private information to a shared residence so easily.(g)And not provide a policy was on storing personal information without a consumer's knowledge or consent.

20. Plaintiff also asked what address Chase had on file because their internal system said it recognized her as being a current customer with open accounts.The representative refused to disclose that information. Chase's refusal to tell Plaintiff what personal information it already held about her, while simultaneously demanding that she supply her current address before receiving any answers, demonstrates a one-sided flow of information: Chase compelled disclosure from Plaintiff while withholding disclosure of Plaintiff's own data from Plaintiff herself.

21. Jared then asked Plaintiff for her address. Plaintiff provided it.

Immediately after receiving Plaintiff's home address, Jared's demeanor changed. He became unhelpful and evasive, refused to answer any of Plaintiff's questions, refused to provide information about Chase's privacy or data storage policies, and declined to say whether any such policy even existed.

22. Plaintiff explicitly asked Jared not to save the address she had just provided. Jared did not confirm this request would be honored.

23. Jared transferred Plaintiff to another department without answering any of her questions, without providing any information about Chase's policies, and without offering any resolution.

24. Jared's conduct raises a serious concern: Chase obtained Plaintiff's current residential address under circumstances where Plaintiff was seeking to have her information removed, not added to, Chase's systems. That Jared's cooperation ended the moment he had the address strongly suggests the call was used to update or confirm Plaintiff's data rather than to respond to her complaint.

24A. Sometime after this call, Chase sent Plaintiff a letter stating that it had updated Plaintiff's address in its system. Plaintiff never authorized or consented to Chase updating, changing, or recording her address in this manner. This letter confirms that Chase kept  address in their internal system without having it removed and used her new address address directly corroborating Plaintiff's concern, described above, that the call had been used to update or confirm her data rather than to respond to her complaint.

25. Plaintiff was transferred to Chase's Private Client Department and connected to a specialist identified as "Lorraine." Lorraine also demanded Plaintiff's Social Security number before proceeding.

26. Plaintiff asked Lorraine directly: if Plaintiff provided her Social Security number, would Lorraine erase Plaintiff's information from Chase's system? Lorraine responded that the Social Security number is how she looks up accounts. Plaintiff pressed further and asked again whether the information would be erased. Lorraine stated affirmatively, "It automatically erases it."

27. Relying on Lorraine's affirmative representation, Plaintiff provided her Social Security number.

28. After receiving it, Lorraine first told Plaintiff she had an open account, then changed her answer to say she did not know whether the account was open or closed, then stated that Chase's system had Plaintiff's information.

29. When Plaintiff asked again about the erasure Lorraine had promised, Lorraine reversed her prior representation entirely and told Plaintiff that Chase would keep her personal information in its system until she paid the money she owed.

30. This statement directly contradicts Lorraine's earlier assurance that Plaintiff's information "automatically erases." Plaintiff provided her Social Security number in direct reliance on a representation Chase's own employee then contradicted. This is not a miscommunication; it is a false statement used to obtain sensitive information Plaintiff had every right to withhold, and it constitutes fraudulent misrepresentation and an unfair and deceptive trade practice.

31. Plaintiff also asked Lorraine for a copy of Chase's privacy policies. Lorraine told Plaintiff it was not her job to provide any policies to Plaintiff.

32. Plaintiff was transferred again, to another specialist, without any of her questions being answered.

33. Plaintiff was transferred to a specialist identified as "Clarissa." Plaintiff again asked about Chase's data retention policies, requested removal of her information, and asked about accounts opened in her name. Like every representative before her, Clarissa refused to answer, refused to provide any privacy policies, and provided no meaningful assistance.

34. Not one of the four Chase specialists Plaintiff spoke with, Nikki, Jared, Lorraine, or Clarissa, was willing or able to provide Plaintiff a copy of Chase's privacy policy, its data retention policy, or any policy governing the circumstances under which a former customer's personal information, including a Social Security number, is kept in Chase's systems without the customer's knowledge or consent. That uniformity, across four independent representatives in three different departments, is itself evidence that this is how Chase trains its personnel to handle exactly this kind of complaint.

35. Prior to the events described above, Defendant JPMorgan Chase Bank, N.A. mailed physical, paper financial records and statements to Plaintiff's home address. These statements explicitly contained Plaintiff's full name, current residential address, and detailed financial transaction histories, including numerous transaction entries that Plaintiff did not execute, recognize, or authorize.

36. Plaintiff does not recall, and explicitly denies, ever providing authorization to Chase to transmit paper bank statements to her physical address. To the contrary, Plaintiff recalls establishing electronic delivery restrictions to her secure phone or email, specifically to bypass the severe privacy and safety risks inherent to unverified paper mail transmission.

37. Chase released and mailed these highly sensitive financial documents to Plaintiff's home address completely absent any reasonable or compliant identity verification measures. The casual efficiency with which Defendant released comprehensive historical ledger data and NPI to an unverified recipient channel demonstrates a systemic failure to maintain the administrative, technical, and physical safeguards mandated by federal law. Specifically, Defendant's conduct implicates the following authorities:

* The Gramm-Leach-Bliley Act's information security requirement, 15 U.S.C. § 6801, and its implementing standard applicable to a national bank such as Chase, the OCC's Interagency Guidelines Establishing Standards for Safeguarding Customer Information, 12 C.F.R. Part 30, Appendix B (Chase, as a national banking association, is supervised by the Office of the Comptroller of the Currency rather than the Federal Trade Commission; the FTC's Safeguards Rule at 16 C.F.R. Part 314 applies to non-bank financial institutions the FTC regulates, and the OCC's parallel Interagency Guidelines are the correct federal information-security standard for a national bank's own safeguards obligations). Under both regimes, Chase is required to design, implement, and maintain comprehensive information security programs to safeguard nonpublic personal information ("NPI"). By deploying an authentication procedure that permits the release of multi-year financial ledgers via a single, unverified remote interaction, Defendant failed to execute basic access controls and identity verification protocols required to protect

a consumer's private records from unauthorized exposure.

* The Right to Financial Privacy Act's confidentiality provisions, 12 U.S.C. § 3403 (this statute's protections apply most directly to a financial institution's disclosure of records to a government authority; Plaintiff alleges it here in connection with Chase's internal handling and disclosure of her records, and reserves the right to further develop this claim through discovery into who, within and outside Chase, had access to her file).

* The Fair Credit Reporting Act's disposal and information duties, 15 U.S.C. § 1681w. Because Plaintiff was a past customer whose relationship with Chase terminated more than seven years prior, Chase was obligated to properly dispose of or restrict access to consumer information no longer needed for a legitimate business purpose. Instead, Chase maintained these records in an active, easily retrievable state, allowing representatives to arbitrarily generate, print, and mail historical NPI without the multi-layered security controls required for defunct consumer files.

38. Plaintiff is a disabled individual who lives with multiple, severe physical conditions and must adhere to a strict prescription medication regimen throughout the day. The unexpected delivery of physical statements detailing unrecognized financial activity, coupled with the sudden discovery that Chase had retained her Social Security number and private data for nearly a decade without notice, caused Plaintiff extreme distress, confusion, profound anxiety, and direct physical harm, including the acute aggravation of her underlying medical conditions.

39. Furthermore, Plaintiff explicitly informed each of the four Chase customer service specialists (Nikki, Jared, Lorraine, and Clarissa) during her

telephone inquiries that she was actively involved in high-stakes, ongoing litigation, and that the bank's casual, unverified exposure of her precise physical address placed her immediate physical safety and life at extreme risk. Despite receiving express notice of this critical safety vulnerability, Chase's personnel demonstrated total indifference, failing to take any corrective action, block further mailings, or secure the account profile. The reckless, institutionalized manner in which Defendant managed and handled Plaintiff's nonpublic personal data effectively stripped her of her privacy and left her exposed to severe personal peril. That multiple Chase employees handled Plaintiff's sensitive information, combined with the IVR system's systemic collection of Social Security numbers, placed Plaintiff in real and serious danger.

## PATTERN AND PRACTICE

40. The conduct described above was not the isolated failure of a single employee having a bad day. Four separate representatives, across at least two different departments, independently withheld the same information, demanded the same Social Security number, and refused to produce the same privacy policy. An automated system engineered by Chase itself conditions live customer service on the surrender of a Social Security number before a human is ever reached. This consistency across personnel and systems reflects Chase's own institutional design and training, not employee error, and it is directly relevant to the willfulness of Chase's conduct under the statutes cited below.

## COUNT I — VIOLATION OF THE GRAMM-LEACH-BLILEY ACT (15 U.S.C. §§ 6801-6827)

41. Plaintiff incorporates by reference all preceding paragraphs as if fully set

forth herein.

42. The Gramm-Leach-Bliley Act ("GLBA"), 15 U.S.C. § 6801, requires financial institutions to protect the security and confidentiality of their customers' nonpublic personal information and to provide clear and conspicuous privacy notices describing their information-sharing practices.

43. Chase is a "financial institution" within the meaning of 15 U.S.C. § 6809(3), and Plaintiff is a "consumer" within the meaning of the GLBA, as her personal financial information, including her Social Security number, account history, and home address, was in Chase's possession.

44. Chase violated the GLBA and its implementing information-security standard by: (a) retaining Plaintiff's nonpublic personal information for more than seven years after the closure of her account without notice; (b) failing to implement reasonable administrative, technical, and physical safeguards to protect that information from unauthorized disclosure; (c) failing to provide Plaintiff a privacy notice that accurately described its data retention practices; (d) failing to honor Plaintiff's request that her information not be retained; and (e) operating a customer service telephone system that coerces consumers into surrendering their Social Security numbers as a condition of speaking with a live representative.

45. As a direct and proximate result, Plaintiff suffered actual damages including emotional distress, anxiety, fear for her physical safety, aggravation of existing medical conditions, loss of privacy, and ongoing risk of identity theft and financial harm.

45A. Plaintiff notes that the GLBA itself is enforced principally through the

federal banking regulators (for Chase, the OCC) rather than through a private civil damages action; Plaintiff pleads this Count to establish the standard of care Chase owed her and as evidentiary support for her related state-law and common-law counts below, and does not rest her damages claim on the GLBA in isolation.

## COUNT II — VIOLATION OF THE RIGHT TO FINANCIAL PRIVACY ACT (12 U.S.C. §§ 3401-3422)

46. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

47. The Right to Financial Privacy Act ("RFPA"), 12 U.S.C. § 3402, protects consumers' financial records from unauthorized access and disclosure.

48. Chase violated the RFPA by: (a) maintaining Plaintiff's financial records without notice or authorization for more than seven years after her account was closed; (b) accessing, reviewing, and disclosing Plaintiff's financial information during customer service calls without proper identity verification; (c) mailing financial statements containing Plaintiff's sensitive personal information without proper verification; and (d) refusing to inform Plaintiff of the scope of information retained about her or produce any governing policy.

48A. Plaintiff notes that the RFPA's private civil remedy at 12 U.S.C. § 3417 was enacted primarily to address a financial institution's disclosure of a customer's records to a government authority without the customer's authorization or a qualifying legal process. Plaintiff pleads this Count based on Chase's own internal mishandling and unverified disclosure of her records, and reserves the right to further develop through discovery the full scope of Chase's disclosures to any third

party, government or private.

49. Plaintiff is entitled to actual damages, statutory damages, punitive damages, and attorney's fees and costs to the extent provided by 12 U.S.C. § 3417.

COUNT III — VIOLATION OF THE FAIR CREDIT REPORTING ACT (15 U.S.C. § 1681 et seq.)

50. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

51. The Fair Credit Reporting Act ("FCRA") governs the collection, use, and disclosure of consumer financial information and imposes obligations on entities that furnish information to consumer reporting agencies.

52. Specialist Lorraine told Plaintiff that an account appeared to be open in her name, or alternatively that Chase's system contained financial information about her. Plaintiff alleges Chase may have furnished inaccurate, incomplete, or unauthorized information about her to consumer reporting agencies, potentially affecting her credit and financial standing.

53. Chase also violated the FCRA by: (a) failing to properly investigate Plaintiff's dispute regarding retention of her information; (b) failing to provide Plaintiff a summary of her rights under the FCRA; (c) retaining and potentially reporting financial information that is inaccurate or unauthorized; and (d) failing to maintain reasonable procedures to assure the accuracy of consumer information.

54. Plaintiff is entitled to actual damages, statutory damages of not less than

$100 and not more than $1,000 per violation pursuant to 15 U.S.C. § 1681n for Chase's willful noncompliance, punitive damages, and attorney's fees and costs. A defendant acts "willfully" under 15 U.S.C. § 1681n when it acts knowingly or with reckless disregard of the FCRA's requirements. *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57 (2007).

## COUNT IV — FRAUDULENT MISREPRESENTATION

55. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

56. Chase's agent Lorraine made a material false representation to Plaintiff: that if Plaintiff provided her Social Security number, the information would "automatically erase." This representation was false when made. Lorraine knew, or should have known, that Chase does not automatically erase a consumer's Social Security number upon disclosure to a phone representative, particularly when Chase maintains the consumer owes money.

57. Lorraine made this representation intentionally, to induce Plaintiff to disclose a Social Security number Plaintiff had already refused to provide to two prior representatives.

58. Plaintiff reasonably relied on the representation and, in direct reliance, disclosed her Social Security number.

59. Lorraine then immediately reversed position and confirmed Chase would keep Plaintiff's information because Plaintiff owed money, confirming the initial representation was false and was made to obtain Plaintiff's Social Security number

through deception.

60. As a direct and proximate result, Plaintiff suffered actual damages including the wrongful capture of her Social Security number, loss of privacy, emotional distress, and continued exposure to identity theft risk.

COUNT V — VIOLATION OF THE ELECTRONIC COMMUNICATIONS PRIVACY ACT AND STORED COMMUNICATIONS ACT (18 U.S.C. §§ 2510-2523; 18 U.S.C. § 2701 et seq.)

61. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

62. The Electronic Communications Privacy Act ("ECPA") and the Stored Communications Act ("SCA"), 18 U.S.C. § 2701 et seq., protect the privacy of electronic communications and stored electronic data.

63. Chase's unauthorized storage, retention, and access to Plaintiff's electronic financial records and personal identifying information, retained in Chase's internal systems for more than seven years without Plaintiff's knowledge or consent, implicates the protections of these statutes.

64. Chase's storage and use of Plaintiff's personal data, including through an IVR system engineered to systematically collect consumer Social Security numbers, constitutes unauthorized access to and use of stored communications and personal data in violation of federal law.

64A. Plaintiff notes that the SCA contains an exception, 18 U.S.C. §

2701(c)(1), for access to stored communications by "the person or entity providing a wire or electronic communications service." Plaintiff pleads this Count on the theory that Chase's conduct in accessing, using, and disclosing her data exceeded the scope of any service it was itself providing to her, and reserves the right to further develop this theory through discovery.

65. Plaintiff is entitled to all available damages, including statutory damages of not less than $1,000, under 18 U.S.C. § 2707 for Chase's knowing or intentional violations.

**COUNT VI — VIOLATION OF THE FTC ACT, SECTION 5, UNFAIR AND DECEPTIVE ACTS AND PRACTICES (15 U.S.C. § 45)**

66. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

67. Section 5 of the Federal Trade Commission Act prohibits unfair or deceptive acts or practices in or affecting commerce.

68. Chase engaged in multiple unfair and deceptive acts and practices, including: (a) designing its IVR system to systematically collect consumers' Social Security numbers as a condition of accessing customer service; (b) Lorraine's false "automatically erases" representation, which induced disclosure of sensitive information; (c) refusing to provide any written privacy or data retention policy to consumers who request one; (d) retaining former customers' personal data, including Social Security numbers, for indefinite periods without notice; and (e) the pattern among Chase's own customer service staff of deflecting, refusing to answer, and transferring consumer privacy complaints without resolution.

69. These acts and practices are likely to mislead a reasonable consumer, have caused actual harm to Plaintiff, and are unfair in that they cause substantial injury to consumers not outweighed by any countervailing benefit to consumers or competition.

69A. Plaintiff notes that Section 5 of the FTC Act is enforced by the Federal Trade Commission and does not itself create a private right of action; Plaintiff pleads this Count to establish the standard Chase's conduct fell below, and relies on Wisconsin's Deceptive Trade Practices Act, Count VII below, for a private damages remedy resting on the same conduct.

COUNT VII — VIOLATION OF WISCONSIN DECEPTIVE TRADE PRACTICES ACT (Wis. Stat. § 100.18)

70. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

71. Wisconsin's Deceptive Trade Practices Act prohibits untrue, deceptive, or misleading representations made in connection with the sale or promotion of any merchandise or service.

72. Chase made false and misleading representations to Plaintiff, including Lorraine's "automatically erases" statement, in the context of providing financial services to a Wisconsin consumer. These representations were untrue and made with intent to deceive.

73. Plaintiff suffered a pecuniary loss as a result, including the wrongful

capture of her Social Security number, ongoing risk of identity theft, and emotional harm.

74. Plaintiff is entitled to actual damages, double damages, and attorney's fees and costs pursuant to Wis. Stat. § 100.18(11)(b).

COUNT VIII — VIOLATION OF WISCONSIN INVASION OF PRIVACY (Wis. Stat. § 995.50)

75. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

76. Wisconsin's right of privacy statute recognizes a cause of action for invasion of privacy, including unreasonable disclosure of private facts and intrusion upon a person's private affairs.

77. Chase intruded upon Plaintiff's private affairs by: (a) retaining her Social Security number, financial history, and personal identifying information for more than seven years after her account was closed, without notice or consent; (b) deploying a telephone system designed to extract Social Security numbers under the guise of identity verification; (c) mailing sensitive financial documents to Plaintiff's home without adequate verification; and (d) disclosing Plaintiff's personal information in a context where it could endanger her physical safety.

78. Plaintiff is entitled to actual damages and all other relief available under Wis. Stat. § 995.50(2).

**COUNT IX — NEGLIGENCE**

79. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

80. Chase owed Plaintiff a duty of care to maintain reasonable safeguards for her personal and financial information, to accurately represent its data practices, to honor requests not to retain data, and to prevent unauthorized disclosure of sensitive information.

81. Chase breached this duty by: (a) retaining Plaintiff's personal data for more than seven years without notice; (b) operating an IVR system that systematically collected Social Security numbers without adequate safeguards; (c) permitting its representative to falsely promise automatic erasure of a consumer's Social Security number; (d) mailing sensitive financial documents to Plaintiff's home without adequate identity verification; and (e) failing to train its staff to properly handle consumer privacy complaints.

82. As a direct and proximate result, Plaintiff suffered actual harm, including emotional distress, aggravation of her existing medical conditions and disabilities, loss of privacy, and ongoing risk of identity theft.

**COUNT X — NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

83. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

84. Chase knew, or should have known, that its conduct, retaining sensitive data without notice, deploying a coercive IVR system, making false representations

to induce disclosure of a Social Security number, mailing unverified financial documents to a consumer's home, and refusing to answer basic privacy questions, would cause emotional distress to a consumer in Plaintiff's position.

85. Plaintiff lives with multiple physical conditions and disabilities and takes prescription medication throughout the day. This conduct caused significant distress, including aggravation of her existing underlying conditions.

86. Plaintiff is entitled to actual and compensatory damages for her emotional distress injuries.

## COUNT XI — INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

87. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

88. Chase's conduct, particularly Lorraine's deliberate misrepresentation that Plaintiff's Social Security number would "automatically erase," followed immediately by the admission that Chase would keep Plaintiff's information until she paid money owed, was extreme and outrageous. Chase knew Plaintiff was calling to protect her privacy, that she had already refused to provide her Social Security number to two prior representatives, and that she was a person with medical conditions and disabilities who feared for her safety. Despite that knowledge, Chase's representative used deception to extract her most sensitive personal identifier and then declared her information would be kept permanently.

89. This conduct was intentional, or at minimum reckless, and directed at a person Chase knew to be vulnerable.

90. As a direct and proximate result, Plaintiff suffered severe emotional distress.

COUNT XII — VIOLATION OF WISCONSIN DATA BREACH NOTIFICATION LAW (Wis. Stat. § 134.98)

91. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

92. Wisconsin's data breach notification law requires entities that maintain personal information to notify consumers when a breach of security has occurred, or when there is a reasonable basis to believe personal information has been acquired by an unauthorized person.

93. Chase's conduct, including the unauthorized retention of Plaintiff's personal information, the mailing of statements containing her home address and unrecognized transactions, and the ease with which multiple representatives could access her personal data through Chase's systems and IVR, implicates the notification requirements of Section 134.98.

94. Chase failed to provide Plaintiff adequate notice regarding the security of her personal information and the scope of data it retained and potentially exposed.

## COUNT XIII — UNJUST ENRICHMENT

95. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

96. Chase has been unjustly enriched by retaining and utilizing Plaintiff's personal data, including her Social Security number, financial history, and personal identifying information, beyond the scope of any authorized account relationship, without compensating Plaintiff for the value of that data or the harm caused by its unauthorized retention.

97. It would be unjust and inequitable to allow Chase to retain the benefit of Plaintiff's personal data without compensating Plaintiff for the harm caused by its unauthorized use and retention.

COUNT XIV — VIOLATION OF WISCONSIN'S RESTRICTIONS ON THE USE OF SOCIAL SECURITY NUMBERS (Wis. Stat. § 134.97)

98. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

99. Wisconsin law restricts the circumstances under which a person or entity may require an individual to disclose a Social Security number as a condition of obtaining a service.

100. Chase violated this statute by requiring Plaintiff, through its automated telephone system and through each of the four customer service representatives with whom she spoke (Nikki, Jared, Lorraine, and Clarissa), to disclose her Social Security number as a condition of receiving any customer service response, including a response to her complaint that Chase was unlawfully retaining her personal information in the first place.

101. As a direct and proximate result, Plaintiff suffered actual damages, including the wrongful and coerced disclosure of her Social Security number and the resulting increased risk of identity theft.

## DAMAGES

102. As a direct and proximate result of Defendant's conduct as described herein, Plaintiff has suffered and continues to suffer the following damages:

(a) Actual and compensatory damages for emotional distress, anxiety, fear for physical safety, and aggravation of existing medical conditions and disabilities, in an amount to be determined at trial but believed to exceed $5,000,000;

(b) Statutory damages under the FCRA, 15 U.S.C. § 1681n, of not less than $100 and not more than $1,000 per violation;

(c) Statutory damages under the RFPA, 12 U.S.C. § 3417, of not less than $100 per violation per day;

(d) Statutory damages under the ECPA/SCA, 18 U.S.C. § 2707;

(e) Double damages under Wis. Stat. § 100.18(11)(b);

(f) Actual damages under Wis. Stat. § 134.97 for the coerced disclosure of Plaintiff's Social Security number;

(g) Punitive damages for Chase's intentional, willful, and reckless conduct, reflected in the uniform pattern across four separate representatives and an IVR

system engineered to demand the same information, in an amount to be determined at trial but believed to exceed $3,000,000;

(h) Disgorgement of any revenues, profits, or other benefits Chase derived from the unauthorized retention and use of Plaintiff's personal data;

(i) Injunctive relief requiring Chase to: (i) delete all personal information pertaining to Plaintiff from its systems; (ii) reform its IVR telephone system to eliminate the coercive collection of Social Security numbers; (iii) implement adequate identity verification procedures before mailing sensitive financial documents; and (iv) train its customer service staff to respond to consumer privacy complaints in compliance with federal and state law;

(j) Attorney's fees and costs to the extent permitted by applicable law;

(k) Pre-judgment and post-judgment interest at the applicable legal rate; and

(l) Such other and further relief as this Court deems just and proper.

## PRAYER FOR RELIEF

**WHEREFORE, Plaintiff Kenya L. Hall respectfully prays that this Court:**

**A. Enter judgment in favor of Plaintiff and against Defendant JPMorgan Chase Bank, N.A. on all counts;**

**B. Award Plaintiff compensatory damages in an amount to be determined at trial, but believed to exceed $5,000,000;**

**C. Award Plaintiff punitive damages in an amount to be determined at trial, but believed to exceed $3,000,000;**

**D. Award statutory damages under all applicable federal and state statutes;**

**E. Award double damages pursuant to Wis. Stat. § 100.18(11)(b), and actual damages for the Social Security Number Protection Law violation under Wis. Stat. § 134.97;**

**F. Grant injunctive relief requiring Chase to delete Plaintiff's personal data, reform its IVR system, and implement adequate privacy safeguards;**

**G. Award attorney's fees and costs to the extent permitted by law;**

**H. Grant a jury trial on all issues so triable; and**

**I. Grant such other and further relief as this Court deems just and equitable.**