**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**KENYA L. HALL,**

**Plaintiff,**

**v.** **Case No. 26-C-1744**

**JP MORGAN CHASE BANK NA,**

**Defendant.**

---

# ORDER

---

Plaintiff Kenya L. Hall filed a complaint against Defendant JPMorgan Chase Bank NA, asserting infringements of her privacy in violation of several state and federal statutes. Along with the complaint, Plaintiff filed a motion for leave to proceed without prepayment of the filing fee, but that motion was denied because her affidavit was incomplete. Plaintiff now renews her motion to proceed without prepayment of the filing fee. Plaintiff also filed a motion to appoint counsel and a motion for leave to file electronically as a pro se litigant.

The Court first addresses the motion to proceed without prepayment of the filing fee. The Court has reviewed the affidavit submitted in support of the motion for leave to proceed without prepayment of the filing fee and concludes that Plaintiff lacks sufficient income and/or assets to pay the filing fee. The motion is therefore granted.

As for the motion to appoint counsel, civil litigants do not have a constitutional or statutory right to have an attorney represent them. *Jackson v. Cty. of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992) ("We begin with the fundamental premise that indigent civil litigants have no constitutional or statutory right to be represented by counsel in federal court."). District courts

have the discretion to recruit counsel for individuals unable to afford counsel in appropriate cases pursuant to 28 U.S.C. § 1915(e)(1). *Navejar v. Iyola*, 718 F.3d 692, 696 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) (quoting *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014)). In exercising its discretion, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Pennewell v. Parish*, 923 F.3d 486, 490 (7th Cir. 2019) (quoting *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007)). Here, Plaintiff's motion does not indicate any attempt to obtain counsel on her own. Because Plaintiff has failed to meet this threshold requirement, her motion is denied. *See Pruitt*, 503 F.3d at 655.

The Court also notes that in her first motion to appoint counsel, Plaintiff requests the appointment of counsel in a state criminal proceeding in Shawano County. The Court "does not have the authority . . . to appoint lawyers of any sort in state cases. That authority belongs to the [Shawano County] Circuit Court[] and to the Wisconsin State Public Defender." *Miller v. Wisconsin*, No. 25-CV-908-PP, 2025 WL 2962557, *6 (E.D. Wis. Oct. 20, 2025). The Court therefore denies Plaintiff's motion to the extent it seeks the appointment of counsel in a state criminal proceeding.

Finally, the Court addresses Plaintiff's motion for leave to file electronically as a pro se litigant. General Local Rule 5(a)(2) exempts pro se parties from the District's electronic filing requirements. The District's policies and procedures regarding e-filing also clearly state that pro se parties "cannot file electronically unless authorized by the court." United States District Court

Eastern District of Wisconsin Electronic Case Filing Policies and Procedures Manual, Section I(a)(1) (Dec. 2, 2024), *available at* https://www.wied.uscourts.gov/e-filing/ecf-policies-and-procedures#In%20General. This Court does not grant self-represented parties leave to file electronically absent extraordinary circumstances. *See Hobbs v. Willis*, No. 11-cv-467, 2022 WL 1692062, at *2 (E.D. Wis. May 26, 2022). The reason for this policy is to ensure that busy court staff are not burdened with educating and correcting pro se filers, who are not regular users of the court's electronic filing system.

Plaintiff asserts that she would like to file electronically "so that [she] could submit needed documents to the court." Dkt. No. 9. But she has not presented extraordinary circumstances that would justify the exception she requests. The Court therefore denies Plaintiff's motion for leave to file electronically at this time. Nonetheless, Plaintiff is advised that she can register and provide consent to receive notices of electronic filing at the following link, if she so chooses: https://www.wied.uscourts.gov/pro-se-non-prisoner-registration-and-consent-notification-electronic-filing.

**IT IS THEREFORE ORDERED** that Plaintiff's renewed motion for leave to proceed without prepayment of the filing fee (Dkt. No. 8) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motions for recruitment of counsel (Dkt. Nos. 3 and 9) are **DENIED**. The denial is without prejudice, however, and Plaintiff may ask the Court at a later stage in the litigation to consider appointing counsel.

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to file electronically as a pro se litigant (Dkt. No. 9) is **DENIED**.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the Complaint and this Order upon Defendant pursuant to Federal Rule of Civil Procedure 4. Plaintiff

is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. § 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provisions for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS FURTHER ORDERED** that Defendant shall file a responsive pleading to the Complaint within the time allowed under the Federal Rules of Civil Procedure.

Finally, Plaintiff must notify the clerk of court's office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties. It could also result in dismissal of the lawsuit.

Dated at Green Bay, Wisconsin this 16th day of October, 2026.

William C. Griesbach
United States District Judge